## MORFI v. THE FAJARDO DEVELOPMENT COMPANY.

## APPEAL from the District Court of Humacao.

### No. 596.—Decided June 19, 1911.

INJUNCTION—PRAYER OF COMPLAINT—PERPETUAL AND PRELIMINARY INJUNC-
TIONS.—When it appears from the prayer and the allegations of the com-
plaint that a preliminary injunction is specifically prayed for as well as a
perpetual injunction, the court commits no error in ordering the defendant
to appear and show cause why the injunction prayed for should not issue,
and said court may decide, as was done in the case at bar, to refuse the
preliminary injunction without deciding the application for a perpetual
injunction, although the latter may possibly have been prejudged in refus-
ing the preliminary injunction.

ID.—APPEARANCE TO SHOW CAUSE—DEFECT OF PARTIES PLAINTIFF.—A court that
at the hearing of the defendant to show cause why a preliminary injunc-
tion should not issue allows the argument of the demurrer of defendant
to the complaint on the ground of defect of parties plaintiff commits no
error, especially when it is considered that the plaintiff requested and ob-
tained leave to amend the complaint, which he did, and therefore the order
sustaining said demurrer is not reviewable.

ID.—APPEARANCE TO SHOW CAUSE—DISCRETION OF COURT—SETTING OF DATE.—
The court in its discretion may set the date that it may deem convenient
and even advance or postpone the hearing of the defendant to show cause
why the preliminary injunction should not issue; and the court that, on the
filing by the defendant of a motion for the dissolution of a restraining order,
advances the date of the hearing to show cause and sets the hearing of the
motion and the hearing of the defendant to show cause for the same date,
commits no error.

ID.—MOTION TO DISSOLVE RESTRAINING ORDER—FIVE DAYS' NOTICE.—It is un-
necessary to serve notice of a motion to dissolve a restraining order five
days in advance, because injunction proceedings are special and summary
and cannot be subjected strictly to all the transactions of ordinary pro-
cedure.

ID.—CONTINUANCE OF HEARING ON MOTION OF PLAINTIFF—DISCRETION OF COURT—
SUFFICIENT TIME FOR PLAINTIFF TO PREPARE CASE.—Inasmuch as the pre-
sumption is that when the plaintiff files his application for an injunction
he is prepared to argue the same, and inasmuch as in the case at bar this
is shown by the fact that certain evidence was introduced and that it was
not shown that he failed to introduce other evidence for lack of time, a
court commits no abuse of discretion in refusing to continue the hearing
of the defendant to show cause on the ground that the order setting the
hearing was served personally on the plaintiff the night before and not
on his attorneys, who were, therefore, unprepared to present the case.

ID.—DECISION OF PRELIMINARY INJUNCTION—SCOPE OF DECISION.—To appre-
ciate the scope of a judicial decision the dispositive part thereof must be
considered. In the case at bar, the application for a perpetual injunction

not having been decided, the judgment appealed from simply dissolves the restraining order.

ID.—GRANTING OF INJUNCTION—DISCRETION OF COURT—GREAT CAUTION IN GRANTING INJUNCTION.—The granting of a temporary injunction lies in the discretion of the court and should be exercised in favor of the party who may be prejudiced the most. Writs of injunction should only be granted with great caution and only in cases where the reason and the necessity therefor are clear.

ID.—CONSTRUCTION OF RAILWAYS—POSSESSION OF LAND FOR FOUR YEARS— TITLE OF PURCHASE CONTAINED IN PRIVATE INSTRUMENT.—In accordance with the foregoing doctrine, no abuse of discretional power is committed by a court which denies a preliminary injunction against a company which, according to the evidence taken, has been in possession of the land in question for over four years and has constructed part of its railway line thereon, said land being part of a larger parcel belonging to the succession of the predecessor in interest of the plaintiff, the possession thereof being based on a private document pleaded as title of purchase.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Luis Muñoz Morales* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Under date of June 1 of the year last past Joaquín Germán Morfi filed a sworn complaint in the District Court for the Judicial District of Humacao against The Fajardo Development Company, wherein he prayed for a judgment directing the defendant corporation to vacate the premises described in said complaint and to restrain it from carrying on or performing any works thereon. The complaint further prayed for a writ of preliminary injunction restraining said defendant, its agents, employes, servants, managers, officers, or any other person or persons under its direction, management, or administration, from entering upon, working, or performing any act on its behalf, and from running, or causing to be run, any train or engine used for transportation within the parcel of land described until a final judgment or other decree shall have been rendered, with the costs incurred in the action taxed against the defendant.

The plaintiff alleges that the defendant company is a foreign corporation doing business and having an office in

this Island, where it is engaged in the railroad business; that the defendant is the owner of a railroad running from the Central Fajardo Sugar Company to the *playa* or port of Fajardo, and that it has a branch line established for its own private purposes; that the plaintiff, in common with his mother and brothers, is the owner of a rural property composed of 18 *cuerdas*, more or less, with metes and bounds as set forth in the complaint; that said estate is the common and undivided property of the plaintiff, his mother and brothers; that up to a few months ago the plaintiff was under age, having but recently attained his majority; that he never conveyed or alienated his title to said land, and that no tribunal had given authorization therefor; that without the consent of the plaintiffs and without title therefor, the defendant entered upon said land and constructed and continues to construct works thereon, and, moreover, that on the lands in question the defendant operates a railroad for the transportation of freight for its private or public use, although it has never obtained an order of condemnation against the plaintiff; that the strip of land held by the defendant runs lengthwise across the property from one end to the other, thereby causing damage to the plaintiff which cannot be appraised at any specific sum of money, and that the plaintiff is prevented from utilizing the land to the full extent of his right; that the defendant has obstinately refused to vacate the land in question, and that it is impossible to compensate the plaintiff in money for the acts done by the defendant company on his land; and, moreover, that no adequate, speedy or efficient remedy exists at law of which he might avail himself to defend his rights against the defendant and to prevent the further performance of such acts.

By an order of the same date, June 1, the court directed the defendant to appear on the 9th of said month and show cause why the injunction applied for should not issue, and, at the same time, temporarily restrained the defendant com-

pany, its representatives, agents, and employes, either in
person or through others, from entering upon, working, or
performing any act on its behalf, or from running, or causing
to be run, the freight trains or engines thereof on the land
in question, which restraint was to be effective until further
orders and was decreed upon the furnishing in due form of
a bond of $1,000. This bond was given in due form.

The party defendant moved the court for the dissolution
of the restraining order, and on June 3 the latter directed the
parties to appear for a hearing on the 6th of the same month,
both upon the motion and the application for a preliminary
injunction, the latter having previously been set for the 9th.
Notice of this order was served personally on Joaquín Ger-
mán Morfi on the same day that it was made.

The hearing was had on the appointed date, June 6, and
in view of the pleadings, evidence, and arguments of both
parties the order, which we transcribe below, was made on
the following day:

"The court finds that from the evidence introduced it clearly
appears that the defendant—that is, The Fajardo Development Com-
pany—has been in the quiet and peaceful possession of the property
for four years, more or less, during which time it constructed its
railway, and inasmuch as from the evidence introduced the conten-
tion arises as to whether or not the title and possession of the defend-
ant are valid and effective, the court is of the opinion that the par-
ties should seek the ordinary relief of an action of ejectment, of
nullity, or of unlawful detainer, or by such means as they may deem
proper, and therefore the preliminary injunction must be denied on
the ground of the authorities cited by the defendant and on I Spell-
ing, page 233.

"The restraining order is set aside and the preliminary injunc-
tion denied. Each party shall pay its own costs."

From this order counsel for the plaintiff took an appeal
to this Supreme Court, and after hearing the written and
oral arguments of both parties said appeal is now submitted
to us for consideration.

The appellant alleges in his brief the following grounds of appeal:

1. That the court erred in considering the complaint as a simple application for an injunction, when it actually applied for a perpetual injunction, and for a preliminary injunction as temporary relief.

2. That the court erred in permitting the demurrer of the defendant to be argued at the hearing to show cause why the preliminary injunction should not issue.

3. That the court erred in sustaining the demurrer as to the defect of parties plaintiff.

4. That the court erred in setting the hearing of the petition for the preliminary injunction, and the dissolution of the restraining order, for June 6, as the hearing upon the preliminary injunction had already been set for the 9th of the same month.

5. That the court erred in not granting the continuance of the hearing set for June 6, because such abuse of discretionary power allowed the plaintiff sufficient time to prepare his case.

6. That the final decision is erroneous because it decided the action on its merits at the first hearing of the parties, and because in the case at bar the plaintiff established his title to the realty, whereas the defendant corporation only tried to prove that it entered upon the land in good faith when this was not actually so, because no documents to establish the fact were introduced.

7. That the fact that the defendant corporation has been in possession of the property in question for some time is not a bar to the granting of the injunction applied for.

Let us now examine the grounds of the appeal.

The court in rendering the decision appealed from did not commit the errors assigned, because the prayer and the allegations of the complaint show that not only was an application made for a perpetual injunction, but that a specific prayer was made therein for a preliminary injunction. This

prayer followed the regular procedure provided in the special law on the subject, approved March 8, 1906, in pursuance whereof the court required the defendant to appear and show cause why the injunction prayed for should not issue.

After hearing the pleadings and the evidence introduced the preliminary injunction was denied. This is the prayer passed upon by the court in the decision from which this appeal is taken. The application for a perpetual injunction has not yet been decided, although it may possibly have been prejudged by the trial court when it refused to grant the preliminary injunction.

In regard to the second error assigned, we are of the opinion that its consideration is unnecessary because the mere argument of a demurrer prejudices no right; it is the decision upon the demurrer that may prejudice the rights of the parties.

The court below sustained the demurrer as to the defect of parties plaintiff, and in view of this decision the plaintiff asked leave to amend the complaint by inserting the names of the other tenants in common of the property as parties to the action. The title of the action was thus changed to read: "Joaquín Germán Morfi and Justa del Carmen Morfi y Cordero, Plaintiffs, *v.* The Fajardo Development Company, Isidra Cordero y Miranda, and Petronila, Felipe, Julio, and Timoteo Morfi, Defendants," substituting the words plaintiff and defendant therefor in the plural form and adding to the first allegation of the complaint the following words: "And the other parties appearing above as defendants are so included because it is not possible at this instant to obtain their consent to join with the plaintiffs."

The decision of the court sustaining said demurrer might have been reviewed on appeal from the order denying the preliminary injunction had such decision been the basis or ground of the latter, but, far from this, the plaintiff accepted the order of the trial court sustaining the demurrer as to the defect of parties plaintiff and amended the complaint in

accordance therewith. Said decision had no bearing on the order denying the injunction, for which reason we are of the opinion that according to section 305 of the Code of Civil Procedure it is not reviewable in the present appeal.

Neither did the court commit the fourth error assigned.

Section 8 of the act of special injunctions, approved March 8, 1906, fixes no specific time for the hearing to show cause, and therefore the court in its discretion may set such date as it may deem convenient and even advance or postpone the hearing already set according to the special circumstances of the case. In the case at bar the circumstance exists that a motion for a dissolution of the restraining order was filed after the date of the hearing to show cause was set, and therefore there was a special reason for holding the hearing to show cause and of the motion on the same day, thus advancing the day first set. This change would prejudice the party defendant rather than the plaintiff, inasmuch as in applying for an injunction the latter undoubledly had already studied and prepared the case for argument in court, and this is not true of the party defendant.

It was not necessary to serve notice of the motion to dissolve the restraining order five days in advance, as provided in section 317 of the Code of Civil Procedure, because injunction proceedings are special and summary and cannot be subjected strictly to ordinary procedure.

Neither has the court erred nor abused its discretion in refusing to continue the hearing set for June 6, on the ground that notice of the order fixing the date of the hearing was served personally the night before upon Joaquín Germán Morfi instead of his attorneys, who therefore were not prepared to defend Morfi's rights.

The continuance of the hearing was properly refused, and the plaintiff could not claim in defense that sufficient time had not been allowed him for the preparation of his case, because the presumption is that when he filed the petition for an injunction he was ready for argument, and the fact that

he introduced certain evidence without showing that he failed to introduce other evidence for lack of time, proves that Morfi was not unprepared for a defense and that he was not prejudiced by the refusal to continue the hearing.

Neither has the case been decided on its merits by the order appealed from, as alleged by the appellant in the sixth ground of the appeal, because, as we have said before, the order appealed from only dissolves the restraining order and denies the preliminary injunction, adjudging each party to pay their own costs. The complaint prayed that judgment be rendered in favor of the plaintiff and against the defendant corporation, as heretofore stated, and is still pending decision, although possibly it may have been prejudged in the order appealed from. To appreciate the extent of a judicial decision, the dispositive part thereof must be taken into account, and the order appealed from is limited to the dissolution of the restraining order and to the denial of the preliminary injunction.

This decision conforms to the law, and in so stating we question the last ground of the appeal, which states that the fact that the defendant corporation has for some time past been in possession of the land in question signifies nothing against the injunction applied for.

The evidence taken shows that The Fajardo Development Company has for more than four years been in possession of the land in question, and that upon said land it has constructed part of its railway line to the Playa of Fajardo; that said land forms part of a larger tract belonging to the Succession of Bautista Morfi Martínez, the predecessor in interest of the plaintiff, basing said possession on a private document alleged as title of purchase.

In view of these facts, we are of the opinion that the granting of the temporary injunction rests in the discretion of the court, that such discretion should be exercised in favor of the party who may be most prejudiced, and that writs of injunction should only be granted with great caution and

only in cases where the reason and the necessity therefor are clear, as we have already decided in the following cases: *Pereira* v. *Villafaña* (10 P. R. R., 11); *Martínez* v. *Moreno* (10 P. R. R., 82); and that the order appealed from made by the District Court of Humacao on June 7 of the year last past should be affirmed.

, *Affirmed.*

Justices Wolf and del Toro concurred.

Mr. Justice MacLeary signed the judgment, stating that he concurred therein, but not in all the reasonings set forth in the opinion.

Mr. Justice Aldrey did not take part in the decision of this case.